# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EDWARD JOHN VALE,**

    Plaintiff,

vs.                                   Case No. 4:11cv501-MP-WCS

**FLORIDA PAROLE COMMISSION,**
et al,

    Defendants.

                                    /

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and a motion seeking leave to proceed *in forma pauperis*, doc. 2. Plaintiff's complaint has been reviewed, and that process has revealed that Plaintiff did not truthfully complete the complaint form.

The complaint asks whether a prisoner plaintiff has filed other actions and also whether the prisoner has had other cases dismissed under 28 U.S.C. § 1915(e). These questions are necessary to determine if a prisoner may be granted *in forma pauperis* status under § 1915(g).

Plaintiff states in the complaint, which is signed under penalty of perjury, that he has filed only one state court case, which is still pending, that concerns events related to the claims raised in this case, and Plaintiff acknowledges another state habeas petition.  Doc. 1, p. 4.  Plaintiff states that he has filed only one other federal case in the Middle District of Florida, case number and filing date unknown, and it was dismissed at an unknown time in 2010.  Doc. 1, p. 5.  Plaintiff states that case was dismissed because he was "unable to comply with" an order from the court.  *Id.*

Plaintiff then states that he has not had any cases dismissed for reasons such as frivolous, malicious, failing to state a claim, or prior to service.  *Id.*  That is not true. Plaintiff Vale, prisoner number 334074, previously filed a case in the Northern District of Florida on June 18, 2007.  Case 4:07cv283 was dismissed on September 10, 2009, for failure to exhaust administrative remedies.  That dismissal counts as a "strike" under 28 U.S.C. § 1915(g) and is considered dismissal for failure to state a claim.  Plaintiff filed an appeal of that dismissal, but his appeal was dismissed for failure to pay the filing fee.

Plaintiff filed another case in the Middle District in October of 2010.  Case 6:10cv1525 was dismissed on December 16, 2010, as frivolous and failure to state a claim.  In doing so, the Middle District *sua sponte* dismissed the case and denied Plaintiff leave to proceed *in forma pauperis*.  That counts as a second "strike" under 28 U.S.C. § 1915(g).[1]

---

[1]  The case was initiated by Plaintiff as comparison of the signatures on the complaint reveals it is the same signature as signed in this case.  The inmate number is not the same, however, because Plaintiff listed his inmate number at the Leon County Jail rather than the Department of Corrections' inmate number.

No. 4:11cv501-MP-WCS

Plaintiff filed another case in the Middle District of Florida which he has failed to disclose. Plaintiff filed case 6:06-cv-00616-ACC-KRS on May 8, 2006, and it was initially dismissed, then reversed and remanded by the Eleventh Circuit. After proceeding for three years, the case was dismissed in September, 2009, for lack of subject matter jurisdiction. Plaintiff's claims for a tax refund were time barred and, thus, the court lacked jurisdiction. Because the case was found to be without legal merit, it "meets the criteria of the criteria of Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for a frivolous action, i.e., one based on an 'indisputably meritless legal theory' or lacking an 'arguable basis in law.' *Id.* at 327, 328, *quoted in* Tate v. Alabama, 2010 WL 3086316, 1 (S.D.Ala., July 10, 2010). Such a dismissal should count as a "strike" under 28 U.S.C. § 1915(g). *see* Tate v. Bivins, 2008 WL 2705388, 1 (S.D. Ala., July 10, 2008). This case counts as Plaintiff's third "strike" under 28 U.S.C. § 1915(g).

Plaintiff also failed to disclose that he filed a case in the Middle District of Florida, Orlando Division, and at the time of filing, Plaintiff listed his address at Madison Correctional Institution, but soon there after, his address changed to the Haven of Rest Mission in Tallahassee. Case number 6:08-cv-01519-GKS-KRS was filed on September 4, 2008, and dismissed in December of 2008 without prejudice for failure to prosecute.

Plaintiff also failed to disclose that in 2010, he initiated another case in this Court, and then voluntarily dismissed it. Case 4:10-cv-00243-SPM-WCS was opened and closed within two months, but Plaintiff failed to disclose having filed the case.[2]

It is also noteworthy that Plaintiff claimed on the complaint form under his listing of his state habeas case that he had "<u>not</u> sought federal relief or review." Doc. 1, p. 4. That is not true either. Plaintiff filed a § 2254 habeas petition in the Middle District of Florida. Case 6:09-cv-00589-JA-KRS was dismissed in December, 2009. Plaintiff then initiated another § 2254 habeas petition in March, 2010, in the Middle District. That petition, filed in case 6:10-cv-00480-ACC-KRS, was denied on August 18, 2010.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim as listed above. The dismissed cases fall within the category of failure to state a claim upon which relief may be granted, and frivolous. *See* <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998). Whether or not cases were dismissed as frivolous prior to the enactment of the PLRA is

---

[2] Again, Plaintiff filed the case listing only the Leon County Jail inmate number instead of the Department of Corrections' inmate number, but comparison of the signatures reveals it was filed by Plaintiff Edward J. Vale.

irrelevant.  *See* Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998), *accord* Rivera, 144. F.3d at 723-30.

Plaintiff's allegations in this case do not bring him within the "imminent danger" exception.  Plaintiff's claims are limited to due process claims.  Because Plaintiff has had three prior dismissals and is not in imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed.  The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that the order adopting this report and recommendation **DIRECT** the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2011.


 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 4:11cv501-MP-WCS